ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6475
  FAX: (415) 436-7234
  wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LEROY WISE, <br><br> Defendant. | No. 22-cr-00326 CRB <br><br> **UNITED STATES'S SENTENCING MEMO** <br><br> Date: February 14, 2024 <br> Time: 10:00 a.m. |

## I. BACKGROUND

On August 9, 2022, United States Postal Service (USPS) letter carrier A.V. was on duty. A.V. pulled over near 204 Lee Ave., in San Francisco, so that he could take a drink of water. After drinking his water, he turned around in his vehicle to put the water bottle away. As he turned back, he was approached by two males. One of the males put a gun to A.V.'s temple, while the second male opened the driver-side door of the postal vehicle. The individual who put the gun to A.V.'s head was later identified as defendant Leroy WISE. WISE pushed A.V. down, and A.V. fell to the floor. WISE and the second male, who has yet to be identified, jumped on A.V. and climbed on him to reach the mail inside the truck. WISE kept the gun pointed at A.V. and told him: "Don't move, lay there, I'm going to shoot." As A.V. lay on the floor of his postal vehicle, he believed that his life was about to end. A.V. thought of his wife and children and bade them a silent goodbye.

WISE and the second male proceed to steal five outgoing priority parcels and also took a satchel with some outgoing letters. After taking the parcels and mail, WISE and the second male took A.V.'s personal cellphone, an iPhone 13. WISE and the unidentified male then ran from the scene. A.V. was badly shaken up and asked a nearby resident to call 911.

SFPD ultimately tracked A.V.'s phone, and found it abandoned in the areas of Harold, Holloway, and Bruce Avenues. SFPD told A.V. not to touch his phone and collected it as evidence. Officers were able to apprehend WISE using surveillance footage, which depicted the escape vehicle, a 2015 Chevrolet, registered to Marteal Barton, WISE's girlfriend. WISE was arrested on August 10, 2022. The second male remains at large and has not been identified. Although WISE has expressed significant remorse for his crime, he has prioritized his relationship with his accomplice over complete accountability to his victim. As he delivers the mail, A.V. is aware that this second man remains at large and a potential threat.

On August 31, 2022, a two-count Information was filed, charging WISE with Robbery of a Mail Carrier, in violation of 18 U.S.C. § 2114(a) and Mail Theft, in violation of 18 U.S.C. § 1708. (ECF 13.) On April 27, 2023, WISE pled open, acknowledging responsibility for his crimes. (ECF 35.)

WISE was subsequently assessed for participation in the Conviction Alternatives Program. By written assessment dated July 25, 2023, Pretrial Services concluded that WISE should not be referred to CAP. In response, the Court deferred WISE's sentencing for six months. (ECF 38.) Although the undersigned was not assigned to the matter at the time, Defense counsel indicates that the Court informed WISE that it would impose a non-custodial sentence if WISE did well on pretrial release. (PSR at p. 22.) WISE appears to have done well on pretrial release.

## II.     SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculations for WISE's offense level are as follows:

    a. **Base Offense Level, U.S.S.G. § 2B3.1(a):**     **20**

    b. **Specific offense characteristics:**     **+8**

        +2 property of postal office taken (§ 2B3.1(b)(1))

        +6 firearm otherwise used (§ 2B3.1(b)(2)):

|   |   |   |
|---|---|---|
| 1 | c. **Acceptance of Responsibility § 3E1.1:** | **-3** |
| 2 | d. **Total Offense Level:** | **25** |

*See* PSR ¶¶ 22-32.  The parties have not reached any agreement regarding WISE's criminal history.  Probation has calculated that WISE's criminal history score is 1, and he therefore falls into Criminal History Category I.  (*Id.* at ¶¶ 36-37.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with total offense level 25 and Criminal History Category I is 57-71 months.  (*Id.* at ¶ 68.)

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

Postal carries have faced an unprecedent increase in robberies and assaults in recent years.  *See* https://www.sfchronicle.com/crime/article/mail-carriers-held-gunpoint-say-enough-enough-18423499.php.  According to U.S. Postal Inspection Service data, postal carrier robberies increased 78% nationwide last year.  https://www.nbcbayarea.com/news/local/south-bay/bay-area-mail-carriers-targeted-by-thieves/3287064/.  The increase in San Francisco is more pronounced, as it is one of the hardest-hit regions.  https://www.sfgate.com/bayarea/article/delivering-mail-san-francisco-oakland-robberies-18518133.php.  These robberies—often violent—have a traumatic impact on letter carries.  These are federal employees, who are simply doing their job of delivering the mail.

Such is the case here. A.V. was merely delivering the mail when WISE put a gun to his head, causing A.V. to believe that his life was ending. Against this backdrop, it is difficult to see why WISE should not get a sentence that includes prison time, as Probation recommends. (PSR at p. 22.) However, the government acknowledges that the Court told WISE he would not get jail time if he did well on pretrial release. The government also acknowledges that WISE has performed well on pretrial release and has thoughtfully expressed an understanding of the harm his actions caused, as well as his remorse. WISE himself does not appear to pose a significant risk of reoffending. But, it is not only the specific deterrence of WISE that is relevant. It is clear from the unprecedented number of mail carrier robberies, often at gun point, that general deterrence is also needed to protect postal workers from these crimes. For this reason, the government recommends a sentence of 28 months, approximately 50% off the low end of the guidelines range.

## IV.     RESTITUTION

The Court should order WISE to pay restitution to A.V. In addition to stealing the mail, WISE also stole A.V.'s iPhone. Although this iPhone was ultimately found, it was retained as evidence for a year. A.V. needed a phone during this time and spent $1300 purchasing a replacement phone. WISE should be ordered to pay restitution to A.V. in the amount of $1300. *See United States v. Gossi*, 608 F.3d 574, 581 (9th Cir. 2010) ("The purpose of restitution is to put the victim back in the position he or she would have been but for the defendant's criminal conduct.") (internal emphasis omitted).

## V.     CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence WISE to 28 months in custody, 3 years supervised release, a $100 special assessment, and order WISE to pay restitution to A.V. in the amount of $1300.

DATED: February 7, 2024                              Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney